UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OTIS DESMOND CARPENTER | CIVIL ACTION |
| VERSUS | NO. 17-3645 |
| BP EXPLORATION & PRODUCTION INC., *et al.* | SECTION M (1) |

## ORDER & REASONS

Before the Court is a motion by plaintiff Otis Desmond Carpenter to disqualify the undersigned from these proceedings.[1]  Defendants BP Exploration & Production Inc. ("BP E&P"), BP America Production Company, and BP p.l.c (collectively, "BP") respond in opposition,[2] and Carpenter replies in further support of his motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion because there is no actual conflict of interest or appearance of impropriety.  Moreover, the motion was untimely filed.

## I.      BACKGROUND

This case is one of the "B3 cases" arising out of the *Deepwater Horizon* oil spill.[4]  The *Deepwater Horizon* was a mobile offshore drilling unit owned by Transocean.[5]  BP E&P hired Transocean to drill the Macondo Well in the Gulf of Mexico.[6]  On April 20, 2020, the *Deepwater*

---

[1] R. Doc. 57.  Similar motions were filed in eleven other B3 cases pending before the undersigned.
[2] R. Doc. 60.  Defendants Transocean Holdings, LLC, Transocean Deepwater, Inc., Transocean Offshore Deepwater Drilling, Inc. (collectively, "Transocean"), and Halliburton Energy Services, Inc. ("Halliburton") join in the opposition.  *Id.* at 1.
[3] Carpenter filed a motion for leave to file a reply (R. Doc. 62), which is GRANTED.  The Court has considered the reply.
[4] R Doc. 7 at 1-2, 50.
[5] R. Doc. 60 at 2.
[6] *Id.*

*Horizon* suffered a blowout causing an oil spill to which the federal government instituted a massive response.[7]

Because many lawsuits arose out of the accident, the Judicial Panel on Multidistrict Litigation assigned Judge Carl J. Barbier of this court to oversee the *Deepwater Horizon* multidistrict litigation ("MDL").[8]  In 2013, Judge Barbier conducted the phase one trial to determine the cause of the spill and liability for the accident.[9]  Cameron International Corporation ("Cameron"), the manufacturer of the *Deepwater Horizon*'s blowout preventer, was a defendant in phase one.  Phillip A. Wittmann and Carmelite Berthaut of Stone Pigman Walther Wittmann LLC ("Stone Pigman"), along with counsel from other firms, represented Cameron.[10]  After the trial, Judge Barbier found that BP, Halliburton, and Transocean were responsible for the accident and dismissed all claims against Cameron.[11]  Phase one did not address questions of duty and causation as to any individual plaintiff.[12]

Prior to the phase one trial, Judge Barbier ordered that claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (*e.g.*, dispersants) be placed in the "B3 bundle" to be pleaded in a B3 master complaint.[13]  Neither the B3 master complaint, nor the first amended B3 master complaint, named Cameron as a defendant.[14]  Many plaintiffs, including Carpenter, joined the *Deepwater Horizon* MDL by filing a "short form joinder" in the B3 master complaint.[15]

---

[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at 2-3.
[12] *Id.* at 3.
[13] *Id.*
[14] *Id.*
[15] *Id.*

2

In 2017, Judge Barbier required all B3 plaintiffs who had filed only a short-form joinder, or who had joined the MDL in a multi-plaintiff complaint, to file new individual B3 complaints.[16] Carpenter filed his current B3 complaint and did not name Cameron as a defendant.[17]  In April 2021, Judge Barbier severed the B3 cases from the MDL, and those cases were reallotted among the judges of this court.[18]

On June 2, 2022, this Court granted BP's *Daubert* motions to exclude the plaintiffs' proffered general causation expert, Dr. Jerald Cook, in five B3 cases;[19] and because plaintiffs then lacked the requisite expert testimony, this Court granted BP's motions for summary judgment and dismissed those cases with prejudice.[20]  Thereafter, beginning on June 17, 2022, plaintiffs in those five cases and other B3 cases filed motions to disqualify the undersigned.[21]

## II.   PENDING MOTION

Carpenter argues that the undersigned should be disqualified under 28 U.S.C. § 455(b)(2) because he was a partner at Stone Pigman during the firm's representation of Cameron in the phase one liability trial, which according to Carpenter, is a portion of the matter in controversy in this case.[22]  Carpenter also argues that there is an appearance of impropriety counseling disqualification

---

[16] *Id.*

[17] *Id.*

[18] R. Doc. 7 at 1-58.

[19] Cook issued the same report in each case.

[20] *Johns v. BP Expl. & Prod. Inc.*, 2022 WL 1811088 (E.D. La. June 2, 2022); *Johnson v. BP Expl. & Prod. Inc.*, 2022 WL 1811090 (E.D. La. June 2, 2022); *Macon v. BP Expl. & Prod. Inc.*, 2022 WL 1811135 (E.D. La. June 2, 2022); *Murray v. BP Expl. & Prod. Inc.*, 2022 WL 1811138 (E.D. La. June 2, 2022); *Street v. BP Expl. & Prod. Inc.*, 2022 WL 1811144 (E.D. La. June 2, 2022).  Four other sections of this court have reached the same result.  *See, e.g.*, *Novelozo v. BP Expl. & Prod.*, 2022 WL 1460103 (E.D. La. May 9, 2022); *Coleman v. BP Expl.& Prod. Co.*, 2022 WL 2314400 (E.D. La. June 28, 2022); *Backstrom v. BP Expl. & Prod. Inc.*, 2022 WL 2342390 (E.D. La. June 29, 2022); *Harrison v. BP Expl. & Prod. Inc.*, 17-4346, R. Doc. 82 (E.D. La. June 30, 2022).

[21] R. Doc. 60 at 4.

[22] R. Doc. 57-1 at 3-4.  Carpenter does not and cannot contend that the undersigned was ever personally involved in Stone Pigman's representation of Cameron.

under 28 U.S.C. § 455(a) and (b)(1) because the undersigned previously represented Noble Energy, Inc. ("Noble"), when it was engaged in certain joint ventures with BP.[23]

In opposition, BP argues that there is no basis for disqualification because Cameron is not now, nor has it ever been, a party to the B3 cases and the phase one trial is not a part of the matter in controversy in this case.[24]  BP also argues that there is no appearance of impropriety caused by the undersigned's former representation of Noble because there is no indication that Noble was involved in the *Deepwater Horizon* incident or that the former representation involved BP.[25] Further, BP argues that the motion was not filed timely because the facts underlying the motion should have been known to counsel much earlier and the timing of the motion is suspect considering they were filed on the heels of this Court's rulings adverse to the B3 plaintiffs.[26]

## III.    ANALYSIS

The Supreme Court's "precedents set forth an objective standard that requires recusal when the likelihood of bias on the part of the judge 'is too high to be constitutionally tolerable.'" *Williams v. Pennsylvania*, 579 U.S. 1, 4 (2016) (quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009)).  "A motion to recuse must be strictly construed for form, timeliness, and sufficiency in order to guard against the danger of frivolous attacks on the orderly process of justice." *Danielson v. Winnfield Funeral Home of Jefferson, Inc.*, 634 F. Supp. 1110, 1113 (E.D. La. 1986).

### A.  Disqualification under 28 U.S.C. § 455(b)(2)

Pursuant to 28 U.S.C. § 455(b)(2), a judge "shall disqualify himself … where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously

---

[23] *Id.* at 4-6.
[24] R. Doc. 60 at 8-11.
[25] *Id.* at 11-14.
[26] *Id.* at 5-8.

practiced law served during such association as a lawyer concerning the matter." Carpenter argues that the undersigned should be disqualified because two of his former law partners served as lawyers "in the matter in controversy," specifically, they represented Cameron in the phase one liability trial.

The "matter in controversy" requirement of § 455(b)(2) has typically been given a narrow reading. *See United States v. Cleveland*, 1997 WL 222533, at *11 (E.D. La. May 5, 1997) (Vance, J.) (citing *Patterson v. Masem,* 774 F.2d 251, 254 n.2 (8th Cir. 1985), and *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1301-02 (8th Cir. 1988) (rejecting the argument that "the 'matter in controversy' contemplated by the recusal statute may extend beyond the litigation conducted under the same docket number where the issues in dispute are sufficiently related")); *see also Little Rock Sch. Dist. v. Armstrong*, 359 F.3d 957, 960-61 (8th Cir. 2004) (rejecting argument that the judge's involvement as counsel in earlier stage of the proceedings "was part of the same matter in controversy because it was part of a single case" and determining that "a matter in controversy may be less extensive than a case," especially where "conducted under an umbrella proceeding") (Arnold, J.). This follows from Congress's deliberate choice to use the term "matter in controversy" rather than "case" in drafting § 455. *Armstrong*, 359 F.3d at 960-61. Nevertheless, the court in *Cleveland* went on to describe the appropriate contours of the "matter in controversy" requirement in the event a narrow reading was deemed inappropriate, stating:

> [A] former representation should trigger the "matter in controversy requirement" if the issues with which it dealt are put "in issue" in the subsequent case in the sense that they need to be resolved by the judge who is presiding over the subsequent case. If the judge need not resolve an issue that either she [or he] or her [or his] former partners were involved in, then there is no appearance of impartiality and the purpose of Section 455(b)(2) is satisfied.

*Cleveland*, 1997 WL 222533, at *11 (denying recusal motion because case before judge did not involve "the very antitrust issue" involved in case handled by judge's former law firm).

Here, the Court is convinced that Stone Pigman's representation of Cameron in the phase one liability trial is sufficiently unrelated to the case presently before the Court as not to trigger the "matter in controversy" requirement of § 455(b)(2). The question of liability for the *Deepwater Horizon* oil spill has been resolved to finality and is not at issue in the matter before this Court. Cameron has never been a party to the B3 cases, and its liability has never been a question in these cases. The claims of the B3 plaintiffs are for personal injuries caused by exposure to oil and dispersants and are directed against BP, Transocean, and Halliburton, the parties that were held liable for the oil spill. The B3 cases raise issues concerning causation and damages for the personal injuries claimed by the B3 plaintiffs. They do not raise issues concerning what caused the oil spill and who was responsible – issues long since resolved by Judge Barbier. Thus, the undersigned will not be asked to address the merits of any issue in which his former partners were involved. The mere fact that the B3 cases have been processed as part of an MDL – an umbrella proceeding – does not alter this conclusion because the matter in controversy in these cases involves issues that are discrete, separate, and distinct from the issues handled by the undersigned's former partners.

## B. Disqualification under 28 U.S.C. §§ 455(a) and (b)(1)

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." And under § 455(b)(1), "[h]e shall also disqualify himself … where he has a personal bias or prejudice concerning a party." To bring a successful recusal petition "under § 455(a) and (b)(1), the movant 'must (1) demonstrate that the alleged … circumstance was of "extrajudicial"

6

origin, (2) place the offending event into the context of the entire trial, and (3) do so by an "objective" observer's standard.'" *Casby v. St. Charles Par. Sheriff's Off.*, 2014 WL 6684947, at *2 (E.D. La. Nov. 25, 2014) (quoting *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003)). "[T]he relevant inquiry is whether a 'reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999) (quoting *Health Servs. Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 800 (5th Cir. 1986)).  In this context, the reasonable person is contemplated to be "a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *Id.* at 179 (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)).

Carpenter argues that the undersigned's impartiality can be questioned because of his prior representation of Noble, a company that does business with BP.  He offers no evidence of personal bias or prejudice but simply points to this prior representation.  The cited association is too attenuated to be of concern to an objective observer.  There is no indication that Noble was a party to any *Deepwater Horizon* litigation or had any involvement at all with that oil well.  Moreover, there is no indication that the undersigned represented Noble in any of its dealings with BP or that his representation of Noble had any connection whatsoever to BP.  Further, there is no indication that the undersigned was even aware of Noble's joint ventures with BP when he represented Noble.  That representation was wholly unrelated to BP or the joint ventures.  Given these facts, a well-informed, thoughtful, and objective observer would not question the undersigned's impartiality as to implicate § 455(a)(1) or (b)(1).

### C.  Timeliness of the Motion

A motion to disqualify must be filed timely, which is "as soon as practicable after discovery of the allegedly disqualifying facts." *Danielson*, 634 F. Supp. at 1114; *see also Hill v. Schilling*,

495 F. App'x 480, 483-84 (5th Cir. 2012) (upholding denial of recusal motion as untimely). The timeliness requirement preserves the statute's integrity by discouraging bad faith manipulation of the federal judiciary's ethical obligations for litigious advantage. *Delesdernier v. Porterie*, 666 F.2d 116, 121 (5th Cir. 1982). It also prevents litigants from taking "the heads-I-win-tails-you-lose position of waiting to see whether they win and if they lose moving to disqualify a judge who voted against them." *Schurz Commc'ns, Inc. v. FCC*, 982 F.2d 1057, 1060 (7th Cir. 1992) (Posner, J.).

The timing of Carpenter's motion to disqualify is suspect. It came fourteen months after the case was reallotted to this section of court and is based on facts that are generally public knowledge – and presumably even better known to lawyers long part of the *Deepwater Horizon* MDL.[27] The undersigned practiced at Stone Pigman for over 30 years, a widely known fact in New Orleans, recorded in numerous readily available bar-related publications and disclosed in public filings associated with his nomination to the bench.[28] Further, Stone Pigman's representation of Cameron is noted on the MDL docket sheet and was likewise reported publicly.[29] It is hard to believe that Carpenter's attorneys had no knowledge of these facts until two weeks after this Court granted motions for summary judgment dismissing other B3 cases. Moreover, Carpenter makes no attempt to explain how or why his attorneys only learned or acquired this information after these five other B3 cases were dismissed and judgment entered. *See Hill*, 495 F. App'x at 483-84 ("[T]he circumstances of [the] recusal motion – filed only *after* he had unsuccessfully moved to alter the district court's Final Judgment – lend substantial additional

---

[27] The test for a party's knowledge cannot be that of the lawyer on the team who is least likely to have knowledge of the allegedly disqualifying facts – say, in this case, the one lawyer from Charleston, South Carolina, as opposed to the four from the New Orleans area.

[28] R. Doc. 60-1 at 1-53.

[29] *Id.* at 1-3, 54-98.

support to the district court's decision [to deny the recusal motion]") (emphasis in original). Considering the totality of the circumstances, Carpenter's motion to disqualify appears to be an attempt to manipulate the system and was not filed timely.

## IV.    CONCLUSION

A judge has an affirmative duty not to disqualify himself or herself unnecessarily, and because Carpenter raises no compelling or persuasive grounds for disqualification here, it is unnecessary and, indeed, would be improper for the undersigned to do so.

Accordingly, for the reasons stated above,

IT IS ORDERED that Carpenter's motion to disqualify (R. Doc. 57) is DENIED.

New Orleans, Louisiana, this 14th day of July, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE